UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| THE MERIT GROUP, LLC., | x<br>x<br>x<br>x | 08 CV 3496 (JES) |
| Plaintiff, | x |  |
| v. | x |  |
| SINT MAARTEN INTERNATIONAL<br>TELECOMMUNICATIONS SERVICES, NV and<br>THE TELEM GROUP, NV, | x<br>x<br>x |  |
| Defendants. | x |  |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND**

David B. Goldstein (DG8291)
Christopher J. Klatell (CK3058)
RABINOWITZ, BOUDIN, STANDARD,
    KRINSKY & LIEBERMAN, P.C.
111 Broadway, Eleventh Floor
New York, New York 10006
(212) 254-1111

May 30, 2008                                        *Attorneys for Defendants*

# TABLE OF CONTENTS

STATEMENT OF THE CASE ............................................................1

ARGUMENT...................................................................................4

1.  Merit's Remand Request Is Not Properly Before the Court Because
    Merit Failed To File Its Motion or Prepare a Memorandum of Law. .........4

2.  This Case Was Properly Removed on the Basis of Diversity. ...................5

    A.  Diversity Jurisdiction Falls Within the Original
        Jurisdiction of This Court. ...................................................5

    B.  The Supposed Absence of Personal Jurisdiction Is
        Not a Ground For Remand. ..................................................6

        i.   Lack of Personal Jurisdiction Is Not a Ground for Remand. ..........7

        ii.  The Test for Personal Jurisdiction Is the Same in This Court
             and in State Court. ......................................................8

        iii. Defendants Consented to Personal Jurisdiction in New York. .......9

        iv.  This Court Likely Had Personal Jurisdiction Even in the
             Absence of Consent. ....................................................9

    C.  The Parties' Agreement Did Not Provide for
        Mandatory Dispute Resolution in New York State Court. .................10

        i.   An Agreement To Submit to the Jurisdiction of One Court
             Does Not Deprive Other Courts of Jurisdiction or Venue. ...........11

        ii.  The Services Agreement Does Not Establish Exclusive
             Venue in Supreme Court, New York County. .............................14

        iii. The Services Agreement Does Not Provide that Merit
             Has Sole Power to Choose the Forum. .........................................16

        iv.  The Services Agreement Does Not Contain a Waiver
             of the Right To Remove, Much Less a "Clear and
             Unequivocal" Waiver. ......................................................16

    D.  Merit's Statements About the Parties' Intent Are
        Inadmissible, False, Implausible and Contradictory. ...........................17

3.  Merit States in Its Pleadings that Defendants Are
    "Foreign States" Under the FSIA. ...........................................19

CONCLUSION    ..............................................................................22

## TABLE OF AUTHORITIES

### Cases

*AGR Financial L.L.C. v. Ready Staffing, Inc.*, 99 F. Supp. 2d 399 (S.D.N.Y. 2000) ...................................................................................16

*Amins v. Life Support Medical Equipment Corp.*, 373 F. Supp. 654 (D.C.N.Y. 1974) ......................................................................................8

*Argonaut Partnership, L.P. v. Bankers Trustee Co.*, 1997 WL 45521 (S.D.N.Y. Feb. 4, 1997) .........................................................................16

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002) .......................................................................................8

*Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278 (2d Cir. 2005) ...............13

*Blanco v. Banco Indus. de Venezuela*, 997 F.2d 974 (2d Cir. 1993) .........13, 14, 17

*Blockbuster, Inc. v. Galeno*, 472 F.3d 53 (2d Cir. 2006) ........................................6

*Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996) ....................................................7, 8

*Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152 (2d Cir. 1996) .............................8

*City of New Orleans v. Municipal Administrative Servs., Inc.*, 376 F.3d 501 (5th Cir. 2004) ................................................................................13, 17

*Congress Financial Corp. v. Bortnick*, 2000 WL 1634248 (S.D.N.Y. Oct. 31, 2000) .........................................................................15, 16

*Continental Casualty Co. v. LaSalle Re Ltd.*, 500 F. Supp. 2d 991 (N.D. Ill. 2007) .....................................................................10, 13, 15

*Cronin v. Family Education Co.*, 105 F. Supp. 2d 136 (E.D.N.Y. 2000) ..............10

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) ..................................9

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 NY3d 65 (2006) ..................10

*District No. 1-Pacific Coast Dist. V. Trinidad Corp.*, 583 F. Supp. 262 (S.D.N.Y. 1984) ...................................................................................16

*Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003) ..............................................20

*Ehrenfeld v. Mahfouz*, 489 F.3d 542 (2d Cir. 2007) ................................................8

*EIE Guam Corp. v. Long Term Credit Bank of Japan*, 322 F.3d 635
    (9th Cir. 2003)..............................................................................................20

*Evans v. Port Authority of New York and New Jersey*, 246 F. Supp. 2d. 343
    (S.D.N.Y. 2003) ...........................................................................................4

*Friedr. Zoellner (New York) Corp. v. Tex Metals Co.*, 396 F.2d 300 (1968) ..........8

*GMAC Commercial Mortg. Corp. v. LaSalle Bank Nat. Ass'n*, 242 F. Supp.
    2d 279 (S.D.N.Y. 2002) ...........................................................................14, 16

*Gonzalez v. Press Parts, Inc.*, 1995 WL 608307 (S.D.N.Y. Oct. 16, 1995)............8

*Gottlieb v. Carnival Corp.*, 436 F.3d 335 (2d Cir. 2006) ........................................6

*Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57 (4th Cir. 1991) ..............................17

*Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642 (2d Cir. 1993) ...........................5

*Hefton v. Viscern Holding Corp.*, 2008 WL 938938
    (S.D.N.Y. 2008) .....................................................................................15, 17

*iNet Directories LLC v. Developershed, Inc.*, 394 F.3d 1081 (8th Cir. 2005)........15

*In re Delta America Resins. Co. v. Morgan*,
    900 F.2d 890 (6th Cir. 1990) .......................................................12, 17, 19, 21

*In re Texas Eastern Transmission Corp.*, 15 F.3d 1230 (3d Cir. 1994) ...............21

*In re WTC Disaster Site*, 414 F.3d 352 (2d Cir. 2005) ..........................................11

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.
    694 (1982) ...................................................................................................9

*John Boutari & Son, Wine & Spirits, S.A. v. Attiki Importers and Distributors,
    Inc.*, 22 F.3d 51 (2d Cir. 1994) .........................................................11, 12, 15

*Jones v. Weibrecht*, 901 F.2d 17 (2d Cir. 1990) ...................................................11

*Karl Koch Erecting Co. v. New York Convention Center Development Corp.*,
    838 F.2d 656 (2d Cir. 1988)..................................................................11, 15

*Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841 (5th Cir. 2000)...............20

*Koninklijke Philips Electronics v. Digital Works, Inc.*, 358 F. Supp. 2d 328
  (S.D.N.Y. 2005) ............................................................................................16

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (1988) ......................................10

*New York v. Pullman, Inc.*, 477 F. Supp. 438 (S.D.N.Y. 1979) ...............10, 13, 17

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) ..................................12

*Power Mktg. Direct, Inc. v. Pagnozzi*, 2006 WL 1321029 (S.D. Ohio
  May 12, 2006)................................................................................................12

*Proyecfin de Venezuela, S.A. v. Banco Indus de Venezuela, S.A.*, 760 F.2d 390
  (2d Cir. 1985)................................................................................................21

*Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124
  (E.D.N.Y. 2004) .......................................................................................16, 21

*Reale Int'l, Inc. v. Fed. Repub. of Nigeria*, 647 F.2d 330 (2d Cir. 1981)..............13

*Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230 (9th Cir. 1994).......17

*Rohner v. City of Chicago*, 879 F.2d 1402 (7th Cir. 1989)...................................17

*Seward v. Devine*, 888 F.2d 957 (2d Cir. 1989) ...................................................15

*Shapiro v. Logistec USA, Inc.*, 412 F.3d 307 (2d Cir. 2005) ..............................5, 6

*Titan Finishes Corp. v. Spectrum Sales Group*, 452 F. Supp. 2d 692
  (E.D. Mich. 2006) ........................................................................................12

*Topps Co. v. Cadbury Stani S.A.I.C.*, __ F.3d __, 2008 WL 2051964
  (2d Cir. 2008)................................................................................................18

*United Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp. 2d 108
  (E.D.N.Y. 2001) ......................................................................................13, 15, 17

*USX Corp. v. Adriatic Ins. Co.*, 345 F.2d 190 (3d Cir. 2003)...............................20

## Statutes

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* .........................3, 20

28 U.S.C. § 1332................................................................................................4, 6, 7

28 U.S.C. § 1441 ................................................................................ passim

28 U.S.C. § 1446 ......................................................................................21

28 U.S.C. § 1447 ..........................................................................4, 5, 7, 11

28 U.S.C. § 1603 ..................................................................................3, 20

CPLR 302 ....................................................................................................9

## **Rules**

Federal Rule of Civil Procedure 5(d) .........................................................4

Local Rule 7.1 .......................................................................................4, 20

Defendants Sint Maarten International Telecommunications Services (SMITCOMS) N.V. and Sint Maarten Telephone Company N.V., Telcell, N.V. and Telnet Communications N.V. (the latter three referred to in the complaint as "The Telem Group, NV") (collectively, "Defendants") respectfully submit the following memorandum of law and attached Declaration of Curtis T. White ("White Dec.") in opposition to the motion to remand of Plaintiff The Merit Group, LLC ("Merit").

## STATEMENT OF THE CASE

Defendants are corporations incorporated in the Netherlands Antilles, a part of the Kingdom of the Netherlands, and have their principal places of business in the Island Territory of Sint Maarten, part of the Netherlands Antilles. Defendants own and operate Sint Marteen's telecommunications infrastructure.

On August 31, 2006, Defendants entered into an agreement (the "Services Agreement") with Plaintiff Merit, a financial consulting firm formed and headquartered in New York, whereby Merit agreed to advise Defendants in their attempts to obtain financing from Citibank. Under the parties' agreement, Merit would receive a fee equal to three percent (3%) of any qualifying financing actually closed upon by Defendants. The agreement stated explicitly that Merit would be entitled to a fee *only* if and when a transaction closed. No transaction ever closed, and Defendants never received any financing. Thus, Merit never received any fee.

Merit nonetheless brought suit in Supreme Court, New York County, asserting, *inter alia*, breach of contract and *quantum meruit*. Defendants properly removed the case to this Court by Notice of Removal dated April 10, 2008, based on diversity of

citizenship. There is no dispute that diversity exists and that the Notice of Removal was timely and procedurally adequate.

On May 7, 2008, Merit served (but did not file) a motion to remand on the ground that "removal was improper." Merit did not serve a memorandum of law – it produced an attorney affidavit and an affidavit from one of its principals instead – so its arguments are a bit difficult to follow, but it apparently contends that this case does not fall within this Court's "original jurisdiction" because Defendants "are unable to show that this Court would have had *personal* jurisdiction over them if this suit had been *originally* brought against them in this Court." Affidavit in Support of Motion to Remand of Leonard N. Flamm ("Flamm Aff.") at ¶ 22 (emphasis added). The term "original jurisdiction" has nothing to do with personal jurisdiction, however, or with a court's *in personam* jurisdiction at the time when a case was "originally brought"; it refers, instead, to the statutory *subject matter* jurisdiction of federal courts. Diversity cases, like this one, unquestionably come within this Court's "original jurisdiction," regardless of whether the Court has personal jurisdiction over the Defendants.

Merit generally misstates the role of personal jurisdiction in removal proceedings. Lack of personal jurisdiction in federal court is not a ground for remand – parties regularly remove cases to federal court and then have them dismissed for lack of personal jurisdiction. Moreover, because personal jurisdiction in diversity cases is predicated entirely on whether New York State courts would have personal jurisdiction over the defendants, it makes no sense to say that the state courts have personal jurisdiction but this Court does not: The only test for whether this Court has personal jurisdiction on Plaintiff's state law claims is whether the state courts have it.

Parties can, of course, agree to a forum selection clause that mandates that their disputes be heard in a particular forum, including a state-court forum. The parties here, however, did not agree to such a clause. They agreed to "irrevocably submit to the jurisdiction of the courts of the State of New York," but did not make such jurisdiction exclusive, did not mandate a specific venue or forum, did not state that Merit would have the right to choose the venue for a dispute, did not agree that Defendants would waive their right to remove, and did not otherwise preclude a federal forum. The Second Circuit has made very clear that "permissive" jurisdiction clauses such as the one at issue, in which parties agree not to contest the personal jurisdiction of the named forum but do not mandate that disputes be heard there, do *not* waive a party's right to remove to federal court.

Most of Merit's papers are devoted to issues related to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* (the "FSIA"). These issues are of Merit's own making. When the Services Agreement was drafted, Defendants were wholly owned by the Island Territory of Sint Maarten and were thus a "foreign state" for purposes of the FSIA. By the time suit was brought, Defendants were owned by a holding company that in turn was owned by the Island Territory. Merit's complaint, however, pleads that Defendants are still "government-owned telecommunications agencies of the Government of the Island Territory of Sint Maarten," Complaint ¶ 2, and thus sovereign entities under the FSIA. *See* 28 U.S.C. § 1603(a), (b). Accordingly, although Defendants explicitly based their Notice of Removal on the existence of diversity jurisdiction, Defendants also noted that if Merit's "pleading is accepted as true for purposes of this Notice of Removal, then removal would be proper pursuant to 28 U.S.C. § 1441(d), as

defendants would be a 'foreign state.'"  The Court need not reach any issues related to the FSIA or Defendants' status under it for purposes of this motion, however, as there is unquestionably diversity jurisdiction under 28 U.S.C. § 1332(a)(2), and the existence of diversity jurisdiction is all that is necessary to remove this matter to this Court.

## ARGUMENT

### 1. Merit's Remand Request Is Not Properly Before the Court Because Merit Failed To File Its Motion or Prepare a Memorandum of Law.

Although Merit served a copy of its purported motion on Defendants' counsel, the motion has not been filed with the Court, electronically or otherwise.  Nor did Merit support its purported motion with a memorandum of law; instead, Merit's counsel submitted an attorney affidavit in which he makes legal arguments, largely without citation to authority.

Pursuant to Federal Rule of Civil Procedure 5(d)(1), any paper, including a written motion, that is required to be served must also be filed with the Court "within a reasonable time after service."  Local Rule 7.1 states that all motions "shall be supported by a memorandum of law."  In all cases commenced in this District after June 7, 2004, such papers must be filed electronically.  A motion can be denied for failure to follow the rules.  *See, e.g.*, *Evans v. Port Authority of New York and New Jersey*, 246 F. Supp. 2d. 343, 344 (S.D.N.Y. 2003).

With respect to the present motion, Merit's failure to file constitutes a statutory failing.  28 U.S.C. § 1447(c) states that a motion to remand on a basis other than lack of subject matter jurisdiction "must be made within 30 days after the filing of the notice of removal," and pursuant to Rule 5(d)(1) such a motion, to be "made," must be filed with the court.  Because Merit's remand request, explicitly denominated a § 1447(c) motion,

has not been filed, it is time barred and Merit's ability to seek remand has been waived. *See, e.g., Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 315 (2d Cir. 2005) (plaintiff waived right to remand "when he failed to *file* his motion to remand within the statutorily prescribed time period") (emphasis added); *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993).[1]

Defendants recognize that motions should normally be decided on the merits, not on formalities, but special importance is given to statutory time periods in removal and remand proceedings. *See, e.g., Shapiro*, 412 F.3d at 315. Moreover, Defendants are concerned that Merit's motion is motivated primarily by a desire to forestall Defendants' motion to dismiss while simultaneously forcing Defendants to incur unnecessary litigation costs.

Defendants therefore request (1) that Merit's motion be denied because it was not filed or accompanied by a memorandum of law, and is accordingly untimely under 28 U.S.C. § 1447(c); and (2) that Defendants be awarded their costs and fees incurred in responding to Merit's motion.

**2.  This Case Was Properly Removed on the Basis of Diversity.**

**A.  Diversity Jurisdiction Falls Within the Original Jurisdiction of This Court.**

"Title 28, United States Code, section 1441 sets forth the general federal statutory provision governing removals from state to federal court. It provides that a defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro*, 412 F.3d at 309-10; 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of

---

[1]  Even if Merit filed its motion immediately upon receipt of this Opposition, the 23 days that have passed since the motion was served could not possibly be construed as a "reasonable" time.

the United States have original jurisdiction, may be removed by the defendant or the defendants").

Diversity jurisdiction unquestionably falls within the original jurisdiction of the district courts and is therefore a proper basis for removal. *See, e.g.*, 28 U.S.C. § 1332(a)(2) ("district courts shall have original jurisdiction" in diversity actions involving citizens of a State and citizens or subjects of a foreign state); *Shapiro*, 412 F.3d at 309-10; *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) ("Congress . . . has granted to district courts original jurisdiction over cases in which there is a federal question and cases between citizens of different states (diversity jurisdiction)") (citations omitted); *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340 (2d Cir. 2006) ("the diversity statute gives federal courts original jurisdiction 'of all civil actions' where there is diversity of citizenship and the amount-in-controversy requirement is satisfied.")

Merit does not dispute that there is diversity of citizenship among the parties in this case and that the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a)(2) (providing for diversity jurisdiction in matters between "citizens of a State and citizens or subjects of a foreign state"). Therefore, this case was properly removed and the remand motion should be denied.

**B.  The Supposed Absence of Personal Jurisdiction Is Not a Ground For Remand.**

Merit quixotically interprets the statement "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants," 28 U.S.C. § 1441(a), to mean that a case can only be removed if the district court would have had *personal* jurisdiction over the defendants if the case "had originally been brought against them" in federal court.

Flamm Aff. at ¶ 22. Merit asserts that removal in this matter was therefore improper, because Defendants have failed to "show that they would have been subject to the *in personam* jurisdiction of this Court if Merit had originally sought to sue them here." *Id.* at ¶¶ 22-25.

Merit's argument fails for multiple reasons. "[O]riginal jurisdiction" in 28 U.S.C. §§ 1332(a) and 1441(a) refers to subject matter jurisdiction, not personal jurisdiction, and lack of personal jurisdiction is not a ground for remand. Indeed, defendants successfully remove to federal court and then move to dismiss for lack of personal jurisdiction on a regular basis. Moreover, in diversity cases personal jurisdiction is determined by whether a New York State court would have had personal jurisdiction, so it is meaningless to say that this Court lacks personal jurisdiction but the New York State courts possess it. Finally, Defendants consented to personal jurisdiction in New York in the Services Agreement and are thus precluded from raising the absence of personal jurisdiction as a defense, and the Court likely would have had personal jurisdiction over them even if they had not done so.

### i.    Lack of Personal Jurisdiction Is Not a Ground for Remand.

Lack of personal jurisdiction over the Defendants in federal court is simply not a ground for remand to state court. Neither the federal removal statute, 28 U.S.C. §§ 1441 *et seq.*, nor the federal remand provision, 28 U.S.C. § 1447, makes any mention of personal jurisdiction. Defendants are not aware of any case – and, needless to say, Plaintiff has not cited one[2] – in which a federal court has remanded a matter over which it has subject matter jurisdiction because of a lack of personal jurisdiction.

---

[2]    The only case cited by Merit on this point, *Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996), remanded for lack of diversity, *i.e.*, for lack of subject matter jurisdiction. The case states

Indeed, if a district court lacks personal jurisdiction over the defendants in a removed case, the proper response is dismissal of the complaint, not remand to state court. *See, e.g., Friedr. Zoellner (New York) Corp. v. Tex Metals Co.*, 396 F.2d 300, 301-03 (1968) (case removed on basis of diversity and then dismissed for lack of personal jurisdiction over defendant); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses," including "lack of personal jurisdiction"); *Amins v. Life Support Medical Equipment Corp.*, 373 F. Supp. 654, 656 (D.C.N.Y. 1974) (if District Court lacks subject matter jurisdiction, remand is appropriate, but if it lacks personal jurisdiction, case should be dismissed); *Gonzalez v. Press Parts, Inc.*, 1995 WL 608307 (S.D.N.Y. Oct. 16, 1995).

### ii. The Test for Personal Jurisdiction Is the Same in This Court and in State Court.

Merit's personal jurisdiction argument makes no sense for another reason: This Court's personal jurisdiction over Defendants, in an action involving only state-law claims, is coextensive with the personal jurisdiction of New York State courts. It is therefore meaningless to argue that the state courts have jurisdiction over this case, but this Court does not. *See, e.g., Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002) ("a district court sitting in a diversity action such as this may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits"); *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 547 (2d Cir. 2007) (in diversity action, federal court has personal jurisdiction if state courts of forum would

---

unambiguously that "[d]iversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court and a state court case that implicates diversity jurisdiction may therefore be removed to federal court." *Id.* at 865.

have jurisdiction); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104-05 (2d Cir. 2006) (same).

Defendants could not prevail on an argument that the New York State courts have personal jurisdiction over them but the federal courts in New York do not. Therefore, this Court's supposed lack of personal jurisdiction at the time Merit filed its complaint is not an obstacle to removal.

### iii.    Defendants Consented to Personal Jurisdiction in New York.

Defendants consented to personal jurisdiction in New York in the Services Agreement, and they have not subsequently contested it. Indeed, the Services Agreement prevents them from doing so. Personal jurisdiction can, of course, be conferred by either consent or waiver. *See, e.g.*, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *D.H. Blair*, 462 F.3d at 103 ("parties can consent to personal jurisdiction").

### iv.    This Court Likely Had Personal Jurisdiction Even in the Absence of Consent.

Merit nakedly asserts, without authority or support, that this Court would have lacked personal jurisdiction over Defendants at the time Merit filed the complaint. In the Services Agreement, however, Defendants contracted with Merit, a limited liability company located in New York, with respect to proposed financing from a New York bank, Citibank. While the Court need not reach the issue, and putting aside for the moment the FSIA, it is safe to say that if faced with a motion to dismiss, Merit would argue vigorously that Defendants' activities came within the scope of CPLR 302, the

New York long arm statute. *See, e.g., Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.,* 7 NY3d 65, 71 (2006); *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988).[3]

### C. The Parties' Agreement Did Not Provide for Mandatory Dispute Resolution in New York State Court.

The Services Agreement contained a "Dispute Resolution" provision in which the parties agreed to "irrevocably submit to the jurisdiction of the courts of the State of New York in connection with any dispute related to or under this Agreement or the financing." Services Agreement, Flamm Aff. Ex. A, at ¶ 10. A permissive, submit-to-jurisdiction clause like this does not prevent a party from removing a case to federal court; it only prevents a party from challenging personal jurisdiction. The case law is clear that to deprive a party of the right to remove, a contractual clause must (1) provide for *exclusive* jurisdiction in a particular forum; (2) mandate the venue in which disputes will be heard; (3) indicate that one of the parties will be able to choose the venue for disputes, and that the other party will not object; or (4) explicitly waive the parties' right to remove to federal court. The clause at issue does none of the above.[4]

In its motion papers, Merit relies on the dispute resolution clause *only* to argue that this matter cannot be removed because this Court would have lacked personal jurisdiction at the time the complaint was filed, while the state courts would have had it.

---

[3] Defendants realize how unusual it is that they are making arguments that could be construed as supporting personal jurisdiction, but Plaintiff's idiosyncratic theories have raised the issue and Defendants see no point in being overly coy, given that they signed an agreement in which they submitted to personal jurisdiction in New York.

[4] Nor is it clear that the clause refers only to state courts. Courts have held that identical language may encompass federal courts as well. *See Continental Casualty Co. v. LaSalle Re Ltd.*, 500 F. Supp. 2d 991, 994 (N.D. Ill. 2007) ("ambiguity" as to whether "'the courts of the State of Illinois'" includes federal courts). To the extent the reference is to a geographic location, and the "courts of the State of New York" includes federal courts, removal is facially and indisputably appropriate. *See, e.g., Cronin v. Family Education Co.*, 105 F. Supp. 2d 136 (E.D.N.Y. 2000); *New York v. Pullman, Inc.*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979).

Merit does not argue that the clause otherwise bars removal, and therefore has waived the other dispute-resolution-clause arguments addressed below. Moreover, Merit's unfiled motion seeks remand only under 28 U.S.C. § 1447(c), and the Second Circuit has made clear that a remand motion based on a forum selection clause does *not* come within that provision. *Karl Koch Erecting Co. v. New York Convention Center Development Corp.*, 838 F.2d 656, 658 (2d Cir. 1988); *see also In re WTC Disaster Site*, 414 F.3d 352, 364 (2d Cir. 2005).[5] Thus, the Court need not even reach the arguments set forth below, which, in any event, are wholly unavailing of Merit's position.

### i.     An Agreement To Submit to the Jurisdiction of One Court Does Not Deprive Other Courts of Jurisdiction or Venue.

As a matter of law, the parties' submission to the jurisdiction of New York courts does not preclude removal to, or litigation in, this Court.

The rule in the Second Circuit[6] is that "[w]hen only jurisdiction is specified" a clause "will generally not be enforced" to limit dispute resolution to a particular forum "without some further language indicating the parties' intent to make jurisdiction exclusive." *John Boutari & Son, Wine & Spirits, S.A. v. Attiki Importers and Distributors, Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) (alterations original). Simply put, "an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion." *Id.* (emphasis original). In other words, the "choice of forum must be mandatory rather than permissive." *Id.* Thus, in *Boutari*, a clause providing only that disputes "shall come

---

[5]  Because it does not come within the scope of § 1447(c), remand on the basis of a dispute resolution clause is subject to appellate review (remand for § 1447(c) reasons is unreviewable). *See In re WTC Disaster Site*, 414 F.3d at 364.

[6]  "Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive," and are thus governed by federal law in diversity cases. *Jones v. Weibrecht*, 901 F.2d 17 (2d Cir. 1990).

within the jurisdiction" of the Greek courts did not preclude litigation in federal district court.

The Second Circuit recently reiterated the *Boutari* rule. "A so-called permissive forum clause only confers jurisdiction on the designated forum;" it does not deny the parties the ability to choose or remove to another forum "if jurisdiction there is otherwise appropriate." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386-87 (2d Cir. 2007). "Alternatively, contracting parties may intend to agree in advance on a forum where any and all of their disputes must be brought," *id.*, but to do so they must include mandatory language memorializing such intent. A contractual clause "is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Id.* In *Phillips*, the Court of Appeals determined that the clause at issue was mandatory because the provision that all claims "are to be brought" in England "establishe[d] England as an obligatory venue for proceedings within the scope of the clause." *Id.* Unlike the clause at issue in *Phillips*, the Services Agreement does not provide that claims "are to be brought" or litigated in Supreme Court, New York County.

Rather than establishing a mandatory forum, a "submit to the jurisdiction of a court" clause is aimed at assuring *in personam* jurisdiction. The "right of removal," however, "in no way interferes with *in personam* jurisdiction." *In re Delta America Resins. Co. v. Morgan*, 900 F.2d 890, 893 (6th Cir. 1990) (agreement to submit to jurisdiction does not preclude removal from state court); *Titan Finishes Corp. v. Spectrum Sales Group*, 452 F. Supp. 2d 692, 694 (E.D. Mich. 2006) (same); *Power Mktg. Direct, Inc. v. Pagnozzi*, 2006 WL 1321029, at *2 (S.D. Ohio May 12, 2006) ("an agreement not to contest subject matter or personal jurisdiction . . . is merely the

affirmative conferral of personal jurisdiction by consent, not a negative exclusion of the jurisdiction of other courts sufficient to bar removal").[7]

Thus, a dispute resolution clause providing for *in personam* jurisdiction in state court does not preclude removal to federal court if "nothing in the clause suggests that this jurisdiction is intended to be exclusive." *United Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001). "[C]onsent to process and jurisdiction in a particular forum does not necessarily constitute a waiver of the right of removal under the federal diversity statute;" removal is only precluded if there is a "specific waiver" or a choice of forum provision that specifically excludes "a federal court sitting in the State of New York." *New York v. Pullman, Inc.*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979). Unlike a clause that states the parties *must* submit their disputes to a particular forum, a "permissive consent-to-jurisdiction clause," such as the one at issue here, is not mandatory and therefore does not similarly restrict the parties. *Blanco v. Banco Indus. de Venezuela*, 997 F.2d 974, 979 (2d Cir. 1993). *See generally City of New Orleans v. Municipal Administrative Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (affirming removal) ("A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."); *Continental Casualty Co. v. LaSalle Re Ltd.*, 500 F. Supp. 2d 991, 994 (N.D. Ill. 2007) ("consent to the jurisdiction of a particular court does not [] adequately demonstrate a waiver of defendant's statutory right to remove"); *see also Bank Julius Baer & Co. v.*

---

[7]    Allusions to "jurisdiction" in dispute resolution clauses refer, of course, to personal jurisdiction only; parties cannot confer subject matter jurisdiction on a federal court by agreement or consent. *See, e.g., Reale Int'l, Inc. v. Fed. Repub. of Nigeria*, 647 F.2d 330, 331 (2d Cir. 1981).

*Waxfield Ltd.*, 424 F.3d 278, 282, 284-85 (2d Cir. 2005) (agreement to "irrevocably submit[] to the jurisdiction of any New York State or Federal court" does not preclude arbitration, because clause is only a permissive submit-to-jurisdiction clause, not a mandatory venue clause).

The parties' inclusion of the word "irrevocably" does not change the meaning of the submit-to-jurisdiction clause in the Services Agreement. In *GMAC Commercial Mortg. Corp. v. LaSalle Bank Nat. Ass'n*, 242 F. Supp. 2d 279, 282-83 (S.D.N.Y. 2002), the Court addressed an agreement in which the parties similarly agreed to "irrevocably submit" to the jurisdiction of the state courts. Following a long line of Second Circuit precedent, the Court held that the agreement before it did not preclude removal because the agreement contained "no language indicating the parties' intent to make jurisdiction exclusive" and no "specific language" excluding proceedings in federal court. *See also Blanco*, 997 F.2d at 976, 979 ("irrevocably submit" clause "properly construed as a permissive consent-to-jurisdiction provision, and not a mandatory and exclusive forum selection clause.")

The dispute resolution clause in the Services Agreement is permissive, not mandatory. It therefore does not bar Defendants from removing this action to this Court or serve as a basis for remand to state court.

> **ii.    The Services Agreement Does Not Establish Exclusive Venue in Supreme Court, New York County.**

The parties could have agreed to mandate a particular venue in the Services Agreement, but they did not do so. Unlike cases where courts have remanded on the basis of mandatory venue provisions, the parties here did *not* agree to "waive any

objections to the laying of venue" in state court, *see, e.g.*, *iNet Directories LLC v.*

*Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005).

> "[I]f the parties' agreement stipulates that a state court shall be the
> *venue* for a dispute, the defendant's right to remove the case to
> federal court would be deemed waived . . . However, if the
> agreement only establishes that a state court shall have *jurisdiction*
> over a dispute, the right to remove the case would not be affected;
> personal jurisdiction over a defendant is an issue distinct from the
> question of where a trial will be held."

*United Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp. 2d 108, 111 (E.D.N.Y.

2001) (emphasis original) (clause stating "[t]he Parties agree that jurisdiction of all legal

disputes shall be decided in the Supreme Court of the State of New York" ambiguous and

did not preclude removal) (citing *Boutari*, 22 F.3d at 52-53); *see generally Karl Koch*

*Erecting Co. v. New York Convention Center Development Corp.*, 838 F.2d 656, 659-61

(2d Cir. 1988) (provision that "no proceeding shall be commenced . . . except in the

Supreme Court of the State of New York" constituted mandatory venue provision);

*Seward v. Devine*, 888 F.2d 957, 962 (2d Cir. 1989) (provision stating "venue" shall be in

Supreme Court, Delaware County deemed mandatory).

    Mandatory venue provisions contain statements such as "all disputes *shall* be

resolved in" Supreme Court, New York County, or "venue is proper *only* in [a New York

State] court." *See Continental Casualty Co. v. LaSalle Re Ltd.*, 500 F. Supp. 2d 991, 994

(N.D. Ill. 2007) (emphasis original). Where, as here, the dispute resolution clause does

not contain an exclusive venue provision, removal is proper. *Id.* (citing cases).[8]

---

[8]   Although the Court need not reach the issue because the Services Agreement does not contain
a venue waiver, recent authority holds that even such a waiver does not necessarily foreclose
removal. *See, e.g.*, *Hefton v. Viscern Holding Corp.*, 2008 WL 938938, at *4-6 (S.D.N.Y. 2008)
(citing *Pullman*); *Bortnick*, 2000 WL 1634248, at *2 (waiver of "any objection based on venue"
does not waive right to remove to federal court).

### iii.     The Services Agreement Does Not Provide that Merit Has Sole Power to Choose the Forum.

Dispute resolution clauses can also restrict a defendant's right to removal by providing that a particular party will have sole discretion to submit the dispute to the forum of its choice. *See, e.g., Koninklijke Philips Electronics v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 334-35 (S.D.N.Y. 2005) (remanding where agreement gave plaintiff "sole discretion" to submit disputes to forum of its choice); *AGR Financial L.L.C. v. Ready Staffing, Inc.*, 99 F. Supp. 2d 399, 400 (S.D.N.Y. 2000) (remanding where disputes to be resolved in forum "as [one party] may elect"); *Argonaut Partnership, L.P. v. Bankers Trustee Co.*, 1997 WL 45521, at *13 (S.D.N.Y. Feb. 4, 1997) (remanding where agreement provided that parties will submit to forum "at the choice of the plaintiff").[9]

Where, as here, a clause "does not contain clear language of election, vesting in Plaintiff the right to choose a particular court," the clause does not divest defendants of their right to remove to federal court. *GMAC Commercial Mortg. Corp.*, 242 F. Supp. 2d at 283; *see also Congress Financial Corp. v. Bortnick*, 2000 WL 1634248, at *1-3 (S.D.N.Y. Oct. 31, 2000) (clause only bars removal to federal court if it establishes "the power of one party to force the choice of forum upon another.").

### iv.     The Services Agreement Does Not Contain a Waiver of the Right To Remove, Much Less a "Clear and Unequivocal" Waiver.

"[I]t is well established in this Circuit that a waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal." *Rabbi Jacob Joseph*

---

[9]   "Service-of-suit" clauses in insurance and reinsurance agreements can also waive or preclude a party's right to removal by vesting choice of forum in a single party. The effect of such specialized "service of suit" language (which does not appear in the Services Agreement) is limited to the insurance and reinsurance context, however. *See, e.g., District No. 1-Pacific Coast Dist. V. Trinidad Corp.*, 583 F. Supp. 262, 265 (S.D.N.Y. 1984).

*School v. Province of Mendoza*, 342 F. Supp. 2d 124, 128-30 (E.D.N.Y. 2004) (citing

*Karl Koch*, 838 F.2d at 659); *United Creations, Inc. v. Trafcon Industries, Inc.*, 137 F.

Supp. 2d 108 (E.D.N.Y. 2001) (same); *see also City of New Orleans*, 376 F.3d at 504 (to

prevent removal, clause "must give a 'clear and unequivocal' waiver of that right" and

burden is on party seeking remand); *Resolution Trust Corp. v. Bayside Developers*, 43

F.3d 1230, 1240 (9th Cir. 1994); *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir.

1991); *Delta America Resins. Co. v. Morgan*, 900 F.2d 890, 893 (6th Cir. 1990); *Rohner

v. City of Chicago*, 879 F.2d 1402, 1415 (7th Cir. 1989).

The Services Agreement obviously does not contain a clear and unequivocal

waiver of Defendants' right of removal.  If the parties had meant to agree to such a

provision, they would have stated as much in their agreement.  *See Pullman*, 477 F. Supp.

at 442 ("If the purpose" of dispute resolution provision is "to preclude a federal forum,

explicit language to that effect would have foreclosed any issue on that matter."); *Hefton*,

2008 WL 938938, at *6 ("the forum selection and waiver provisions . . . are lengthy, but

include no explicit waiver of a right to remove to federal court.  Accordingly, Plaintiffs'

claim that the Defendant waived its right to remove is denied.")

### D. Merit's Statements About the Parties' Intent Are Inadmissible, False, Implausible and Contradictory.

The Court need not look beyond the plain language of the Services Agreement to

determine that nothing therein bars removal to federal court.  Under Second Circuit

precedent, the Court should reach this "conclusion solely because of the nonmandatory

words the parties chose to express their agreement" regarding dispute resolution.  *Blanco*,

997 F.2d at 979.  Moreover, New York's "parol evidence rule generally bars admission

of extrinsic evidence to vary or contradict the terms of a fully integrated writing." *Topps Co. v. Cadbury Stani S.A.I.C.*, __ F.3d __, 2008 WL 2051964, at *5 (2d Cir. 2008).

Out of an abundance of caution, Defendants nonetheless address the allegations in Merit's affidavits regarding the parties' purported intent and the negotiating history of the Services Agreement.

Merit's assertions are internally contradictory, implausible, and in some instances simply false. In essence, Merit asserts that it insisted on the dispute resolution language contained in paragraph 10 of the Services Agreement because Merit wanted (1) to ensure that state law and procedure, rather than federal law, would be applied to any disputes, Affidavit in Support of Motion to Remand of Harvey M. Bloch ("Bloch Aff.") ¶¶ 25-26; and (2) to preserve Merit's right to jury trial, Flamm Aff. ¶ 41. Merit claims it felt so strongly about these issues that it would not have entered into the Services Agreement if a federal venue for dispute resolution had been made available. Bloch Aff. ¶ 29. Despite Merit's contentions that *it* insisted upon the dispute resolution language, however, Merit simultaneously asserts that *Defendants* drafted the dispute resolution language, that the government of Sint Maarten required it, and that Defendants insisted that it be included "as is". Bloch Aff. ¶ 32. Merit has submitted no documents to support its allegations, no details regarding them (such as the identity of the communicants in question or the time or nature of the communications), and no explanation of their internally contradictory nature.

Merit's assertions are also facially implausible. If Merit had really been insistent upon its right to a jury trial and an exclusive state-court forum, such requirements would have been plainly stated in the Services Agreement: No reasonable party for whom jury

trial and a state-court forum are "deal breakers" would accept language that instead

provided only for submission to *in personam* jurisdiction in New York.  Moreover, at the

time the contract was drafted Defendants were unquestionably agencies or

instrumentalities of a foreign state under the FSIA.  As such, the agreed upon language

would have been clearly insufficient to preclude a federal forum and a bench trial, *see*

*infra*, the purpose for which Merit now asserts the language was intended.

Finally, some of Merit's assertions are simply false.  Merit's counsel, not

Defendants' counsel, drafted the dispute-resolution provision and included it in Merit's

first draft of the Services Agreement.  *See* White Dec. ¶¶ 9-10.  While other provisions of

the agreement were extensively negotiated, neither side discussed, or made any proposals

or demands regarding, the dispute resolution paragraph.  White Dec. ¶¶ 7-8.  Defendants

never insisted upon a state-court forum for the bizarre travel-related reasons ascribed to

them by Merit (or for any other reason).  Indeed, the subject of a particular *forum* for

dispute resolution never arose during negotiations.  White Dec. ¶¶ 7-8.

The fact that the dispute resolution clause "was not the subject of negotiations"

and that it was drafted by Merit's counsel both "cut against the conclusion that there was

a waiver" of Defendants' right to remove.  *See, e.g., Delta America Resins. Co.*, 900 F.2d

at 893.

### 3. Merit States in Its Pleadings that Defendants Are "Foreign States" Under the FSIA.

In its Complaint, and in correspondence to this Court, Merit has alleged that

Defendants are "government-owned telecommunications agencies of the Government of

the Island Territory of Sint Maarten," Complaint ¶ 2, and that they are therefore agencies

or instrumentalities of a foreign state entitled to the protections of the Foreign Sovereign

Immunities Act, 28 U.S.C. §§ 1601 *et seq.* At the time the Services Agreement was executed, Defendants were indeed wholly owned by Sint Maarten. As Merit knew, however, and as Defendants acknowledged in their Rule 7.1 Statement and their Notice of Removal, at the time the complaint was filed Defendants were wholly owned by a holding company that in turn is wholly owned by Sint Maarten.

Merit devotes the majority of its papers to arguing – contrary to its own pleading – that Defendants are not foreign sovereigns entitled to immunity. The question is largely irrelevant to the instant motion. Under *Dole Food Co. v. Patrickson*, 538 U.S. 468, 473 (2003), Defendants are not a "foreign state" pursuant to the first prong of 28 U.S.C. § 1603(b)(2), because at the time the complaint was filed their shares were owned by a holding company, not directly by a foreign sovereign. Defendants have never made any assertion or argument to the contrary. Defendants may nonetheless be entitled to protections under the fact-intensive second prong of § 1603(b)(2) – the "organ" prong. *See, e.g.*, *USX Corp. v. Adriatic Ins. Co.*, 345 F.2d 190, 206-16 (3d Cir. 2003); *EIE Guam Corp. v. Long Term Credit Bank of Japan*, 322 F.3d 635, 639-42 (9th Cir. 2003); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 846-49 (5th Cir. 2000). Commercial infrastructure companies that receive special privileges, that are wholly owned (albeit indirectly) by a foreign state, and that were formed to carry out a public purpose (such as the creation and management of a national telecommunications infrastructure) have regularly been determined to be "organs" of a foreign state. *See generally USX Corp., EIE Guam Corp., and Kelly, supra.* Analysis of this question is not necessary on Merit's

motion to remand, however, because removal is so clearly appropriate on the basis of diversity.[10]

If Defendants are determined to be foreign sovereign entities, that fact merely provides an additional basis for removal, under 28 U.S.C. § 1441(d). In an FSIA case, a contractual waiver of the right to remove must be absolutely explicit and unambiguous. *Proyecfin de Venezuela, S.A. v. Banco Indus de Venezuela, S.A.*, 760 F.2d 390, 396 (2d Cir. 1985) (removal not barred by clause in which foreign sovereign "irrevocably submit[ted]" to jurisdiction of state courts). A clause, such as the one at issue here, which "merely puts jurisdiction in either a federal or state court does not constitute an express or implied waiver of the sovereign's right to remove under § 1441(d)." *Id.*

In enacting the FSIA, "Congress deliberately sought to channel cases against foreign sovereigns away from the state courts and into federal courts," *Proyecfin*, 760 F.2d at 396, [11] and courts are therefore "particularly hesitant to find waiver of the right to removal where one of the parties is a foreign entity." *Rabbi Joseph Jacob School*, 342 F. Supp. 2d at 130; *see also, e.g., In re Texas Eastern Transmission Corp.*, 15 F.3d 1230 (3d Cir. 1994). In the FSIA context, courts simply will not "wrestle with these interpretive questions," because remand is disfavored and "the contracting parties [could have] easily deal[t] with the problem themselves" by including a clear waiver, if such was their true intent. *In re Delta Re Ins. Co.*, 900 F.2d at 894.

---

[10]  While Defendants might normally bear the burden of coming forward with evidence of their sovereign status, here the Complaint itself alleges facts sufficient to establish that Defendants are a foreign state. Complaint ¶ 2. Defendants in any event reserve their right to claim sovereign immunity, including from execution, if necessary in the future.

[11]  Indeed, in cases involving foreign sovereign entities the time limitation for filing a removal petition set forth in § 1446(b) "may be enlarged at any time for cause shown." 28 U.S.C. § 1441(d); *Proyecfin*, 760 F.2d at 396.

## CONCLUSION

For the foregoing reasons, the motion to remand should be denied. Because

Plaintiff did not properly file its motion in a timely manner, or include a memorandum of

law, Defendants should be awarded their costs and fees incurred in opposing the motion.


Dated:  May 30, 2008                    By:_____/David B. Goldstein/
         New York, New York

                                    David B. Goldstein (DG8291)
                                    Christopher J. Klatell (CK3058)
                                    RABINOWITZ, BOUDIN, STANDARD, KRINSKY &
                                    LIEBERMAN, P.C.
                                    111 Broadway, Eleventh Floor
                                    New York, New York 10006
                                    (212) 254-1111

                                    *Attorneys for Defendants Sint Maarten*
                                    *International Telecommunications Services*
                                    *(SMITCOMS) N.V. and Sint Maarten Telephone*
                                    *Company N.V., Telcell, N.V. and Telnet*
                                    *Communications N.V. (the latter three referred to*
                                    *in the complaint as "The Telem Group, NV")*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2008, I caused a true and correct copy of

Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand, and the

Declaration of Curtis T. White in support thereof, to be served by hand delivery on the

following:

> Leonard N. Flamm
> The Law Offices of Leonard N. Flamm
> 880 Third Avenue, Suite 1300
> New York, New York  10022
> (212) 752-3380
>
> *Attorneys for Plaintiff The Merit Group, LLC*

Dated: May 30, 2008
     New York, New York        Christopher J. Klatell