UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

THE MERIT GROUP, LLC,                          :

                           Plaintiff,     :

                                  :          **DECISION AND ORDER**

           - against -                    :          08-cv-3496 (GBD)

                                  :

SINT MAARTEN INTERNATIONAL                     :
TELECOMMUNICATIONS SERVICES, NV AND THE        :
TELEM GROUP, NV,                               :

                     Defendants.  :

------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff, The Merit Group, LLC, brings this action against defendants

Telecommunications Services, NV and The Telem Group, NV (collectively, "defendants") to

recover fees to which it believes it is entitled under a financial services agreement entered into by

the parties.  Before this Court are defendants' motion to dismiss the complaint and plaintiff's

cross-motion for leave to file a proposed amended complaint.

## MATERIAL FACTS AND PROCEDURAL POSTURE

      Plaintiff, a New York financial consulting company, entered into a financial consulting

agreement with defendants, two telecommunications agencies based in the Island Territory of

Sint Maarten, Netherlands Antilles, on or about August 31, 2006 ("the FSA").  Pursuant to the

FSA, plaintiff agreed to provide financial consulting services in order to facilitate "the

underwriting and private placement of certain debt securities to be used for the financing of

certain projects to be undertaken" by defendants in the Netherlands Antilles.  Complaint at ¶ 3.

As compensation for plaintiff's services, defendants agreed to pay plaintiff "a flat fee of three

percent (3%) of the aggregate amount of any financing secured by Merit through Citibank Group or others as a direct lender or as an underwriter of [defendants'] debt securities." Id. at ¶ 7.  The FSA further provided:

> The Compensation Fee with respect to any Financing shall be paid in the full amount on the day of the closing of such Financing and will be due and owing *only if the Financing is approved by the Company Group and implemented, and that such closing occurs.  The compensation fee shall be paid from closing proceeds.* FSA at ¶ 4(b) (emphasis added).

See also id. at ¶ 4(b) ("Said Fee shall only be paid when the Transaction is closed").  The agreement also stated that defendants would not "in any way be obliged to accept any commitment, financial or otherwise, proposed by the Consultant." Id. at ¶ 6.[1]

Plaintiff alleges that it fully performed its obligations under the FSA and that it obtained financing "from an affiliate of Citibank Group ... to underwrite a private placement of [defendants'] debt securities on a firm commitment basis." Complaint at ¶¶ 8-9.  Plaintiff further alleges that defendants approved a written term sheet setting forth the terms and conditions of the proposed deal.  Id. at ¶ 10.  However, in October 2007, defendants decided not to pursue the transaction.  Id. at ¶ 12.  The proposed private placement was never consummated.  Id. at ¶ 23.

Plaintiff commenced this litigation by filing a complaint in the Supreme Court, New York County.  Defendant removed the action to this Court.  After plaintiff's motion to remand was denied, defendants moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In its response to defendants' motion, plaintiff cross-moved for leave to amend its complaint.

---

[1]  Additionally, the FSA was scheduled to terminate on January 1, 2007 unless the parties executed a renewal notice prior to the contract's termination date. Id. at ¶ 5.

## DEFENDANTS' MOTION TO DISMISS

Defendant argues that the allegations set forth in plaintiff's original complaint fail to state cognizable claims for breach of contract, breach of the implied covenant of good faith and fair dealing, 'frustration' of the agreement, and *quantum meruit*.  In considering defendants' motion to dismiss under Rule 12(b)(6), this Court accepts the plaintiff's factual allegations as true and draws all permissible inferences in plaintiff's favor.  See In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).  This Court may also review "any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference."  See Subaru Distrib. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005).  Defendants' motion to dismiss should only be granted if "the complaint cannot state any set of facts that would entitle the plaintiff to relief."  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).  In order to sustain a motion to dismiss, a plaintiff must set forth in the complaint "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 936 (2007) .

Defendant argues that the express terms of the FSA preclude plaintiff from asserting a claim for breach of contract.  To state a viable breach of contract claim, New York law requires that plaintiff allege "the terms of the agreement, the consideration, the performance by plaintiff[ ], and the basis of the alleged breach of the agreement by defendant." See Furia v. Furia, 116 A.D.2d 694, 695, 498 N.Y.S.2d 12, 13 (N.Y. App. Div. 1986); Morris v. 702 East Fifth Street HDFC, 46 A.D.3d 478, 478, 850 N.Y.S.2d 6, 7 (N.Y. App. Div. 2007).  The claim cannot withstand a motion to dismiss if the express terms of the contract contradict plaintiff's allegations of breach.  See 805 Third Ave. Co. v. M.W. Realty Associates, 58 N.Y.2d 447, 451,

461 N.Y.S.2d 778, 780 -781 (N.Y. 1983).

While this Court must resolve any contractual ambiguities in plaintiff's favor, it is not required to "accept the allegations of the complaint as to how to construe" the parties' agreement. See Subaru Distrib. Corp., 425 F.3d at 122.  Rather, "[c]onstruing an unambiguous contract provision is a function of the court."  Terwilliger v. Terwilliger, 206 F.3d 240, 245 (2d Cir. 2000).

Plaintiff alleges that defendants breached paragraphs 4(e) and 5 of the FSA by failing to pay a financial consulting fee after plaintiff obtained a firm offer of financing, thus fulfilling its contractual obligations.  Complaint at ¶ 25.  Plaintiff further argues that, under paragraph 6 of the FSA, defendants incurred an obligation to consummate the transaction when they approved the term sheet and offering memorandum and that defendants' obligation triggered plaintiff's right to recover a consulting fee.  See Pl. Opp. Mem. at 1-2.

Plaintiff's right to recover was always conditional pursuant to the plain language of the contract. Sections 4(b) and 4(e) of the FSA expressly state that consummation of the transaction would be a condition precedent to plaintiff's recovery of a consulting fee.  Paragraph 6 of the agreement states that defendants:

> shall not in any way be obliged to accept any commitment, financial or otherwise, proposed by the Consultant and the Consultant shall not have the authority to accept any commitment or enter into any contract on behalf of The Company except as may be expressly approved in writing by The Company Group.

A plain reading of this provision leaves no doubt that the "writing" referred to in the final phrase of the paragraph is one that would authorize the Consultant "to accept any commitment or enter into any contract on behalf of the Company."  The referenced "writing" does not, as plaintiff

-4-

suggests, require defendants to consummate the transaction, simply because they approved the term sheet and offering memorandum.  Moreover, this paragraph contains no provision obviating the unambiguous language of paragraph 4 which expressly conditions plaintiff's right to compensation on a closing of the proposed deal.  Accordingly, plaintiff's claim for breach of contract is deficient as a matter of law.[2]

In its second claim, plaintiff alleges that it is entitled to a financial consulting fee because defendants breached the covenant of good faith and fair dealing inherent in the FSA by not consummating the transaction.  Complaint at ¶ 29.  Although New York law may imply an obligation of good faith and fair dealing into a contract, that obligation can only be "in aid and furtherance of other terms of the agreement of the parties" and cannot create rights or obligations that are "inconsistent with other terms of the contractual relationship."  See Murphy v. Am. Home. Prod., 58 N.Y.2d 293, 304, 461 N.Y.S.2d 232, 237 (N.Y. 1983).  As set forth above, the express terms of the FSA state that defendants were not obligated to close the proposed transaction.  FSA at ¶ 6.  Therefore, the interpretation of the covenant of good faith and fair dealing that plaintiff posits would be inconsistent with the terms bargained for by the parties and embodied in their agreement.  As such, it is impermissible and cannot provide a basis for plaintiff's claim.

Plaintiff also seeks to recover a consulting fee under the equitable theory of *quantum meruit*.  However, "the existence of a valid and enforceable written contract governing the disputed subject matter precludes plaintiff[] from recovering in quantum meruit."  Sheiffer v.

---

[2] Plaintiff's third claim for frustration of the FSA is similarly untenable.  Since defendants had no obligation to consummate the transaction, they cannot be held liable for "subvert[ing] the very purpose of the Agreement" (see Complaint at ¶ 32) by deciding not to implement the deal.

Shenkman Capital Management, Inc., 291 A.D.2d 295, 737 N.Y.S.2d 609 (N.Y. App. Div. 2002).  Since paragraphs 4 and 5 of the FSA unequivocally establish the terms under which plaintiff would be entitled to payment of the consulting fee, plaintiff cannot circumvent those terms by asserting an equitable claim. In any event, there was clearly no expectation that the plaintiff would be paid a fee if the deal did not close.

In its fifth cause of action, plaintiff seeks "to recover attorney's fees and costs." Complaint at ¶ 37.  However, as aptly stated by the court in Terry v. Incorporated Village of Patchogue, Index No. 3320/2007, 2009 WL 1141599, at * 8 (N.Y. Sup. Ct. Apr. 17, 2009), "In New York, the issue of attorneys fees is not the proper subject for an independent cause of action and since the causes of action that would permit the Court to assess attorney's fees have been dismissed ... [the] causes of action [for attorneys' fees] must be dismissed as well." See also Hooper Assoc., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491, 549 N.Y.S.2d 365, 366 (N.Y. 1989) ("attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule").

### PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

In plaintiff's cross-motion for leave to amend its complaint, plaintiff attached a copy of its proposed amended pleading.  The proposed amended complaint contains the same claims for breach of contract, breach of the covenant of good faith and fair dealing, "frustration" and rejection of the FSA, and attorneys' fees that plaintiff asserted in the original complaint.  In its proposed pleading, plaintiff withdraws its equitable claim under the theory of *quantum meruit*

-6-

and seeks to substitute a claim for promissory estoppel.  Plaintiff also asserts two fraud claims

and corrects "typographical errors" contained in its original filing.  <u>See</u> Proposed Am. Complaint

at ¶¶37- 40; Pl. Opp. Mem. at 10.

Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, "[a] party may amend its

pleading once as a matter of couse before being served with a responsive pleading."  In this case,

however, plaintiff made a cross-motion for leave to file a proposed amended complaint rather

than filing an amended complaint as a matter of course.  This Court may, thus, exercise its sound

discretion in determining whether to grant plaintiff's cross-motion.  <u>See</u> <u>McCarthy v. Dun &</u>

<u>Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).  Although leave to amend "shall be freely

given when justice requires" (<u>see</u> <u>id.</u>), a motion for leave to add specific claims must be denied if

the proposed amendments would be futile.  <u>See</u> <u>Wood ex rel U.S. v. Applied Research Assoc.</u>,

No. 08 civ 3779, 2009 WL 2143829, at * 5 (2d Cir. July 16, 2009).

The causes of action for breach of contract, "frustration", and attorneys fees set forth in

plaintiff's proposed amended complaint rely on the same factual allegations as the legally

insufficient claims asserted in the original complaint.  Likewise, plaintiff's proposed promissory

estoppel claim, like its original equitable claim under a theory of *quantum meruit*, is barred by

the FSA.  <u>See</u> <u>Clark-Fitzpatrick, Inc. v. Long Island R. Co.</u>, 70 N.Y.2d 382, 388, 516 N.E.2d 190,

193, 521 N.Y.S.2d 653, 656 (N.Y. 1987) ("The existence of a valid and enforceable written

contract governing a particular subject matter ordinarily precludes recovery in quasi contract for

events arising out of the same subject matter").  Thus, there is no basis for granting plaintiff leave

to assert these legally deficient claims. The proposed amendment would be futile.

Defendants argue that plaintiff's proposed causes of action for fraud are similarly futile.

-7-

To state a viable fraud claim, New York law requires that plaintiff identify: 1) a specific, material misrepresentation of fact, 2) defendants' fraudulent intent in making the false statement, 3) facts demonstrating plaintiff's reasonable reliance on the misrepresentation, and 4) the damages plaintiff incurred therefrom.  See Chanayil v. Gulati,169 F.3d 168, 171 (2d Cir. 1999). Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that a party asserting a fraud claim "must state with particularity the circumstances constituting fraud " in order to articulate a cognizable claim.

In its proposed amended complaint, plaintiff alleges that defendants misrepresented their "having obtained the consent of, if not a mandate from, the Island Government to go forward with financing and securities offering."  Complaint at ¶ ¶ 9, 10, 38, 40.  Elsewhere in the complaint, however, plaintiffs allege that the Island Government's consent "was not needed for the proposed securities offering to go forward in accordance with the terms of the Term Sheet and Offering Memorandum."  Id. at ¶ 22. Plaintiffs have not asserted facts demonstrating that any alleged misstatements were reasonably and materially relied upon to plaintiff's detriment, particularly given defendant's contractual right to decide not to consummate the deal.   Even if this alleged misrepresentation were material, the proposed amended complaint is devoid of allegations stating, with the requisite particularity, defendants' fraudulent intent or specifying what damages plaintiff incurred as a result of defendants' alleged fraud.  Consequently, plaintiff's proposed fraud claims represent nothing more than a futile attempt to repackage its causes of action for breach of the agreement.

-8-

**CONCLUSION**

Defendants' motion to dismiss the complaint is granted.  Plaintiff's claims are dismissed in their entirety.  Plaintiff's cross-motion for leave to filed a proposed amended complaint is denied.

Dated: September 24, 2009
      New York, New York

                          George B. Daniels
                      United States District Judge

-9-